United States District Court
Southern District of Texas
**ENTERED**
February 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FATIMA BRELAND, *et al.*, § § Plaintiffs, § VS. § LAW OFFICE OF DEBRA JENNINGS, § PLLC, *et al.*, § § Defendants. | CIVIL ACTION NO. 4:22-CV-3284 |

## MEMORANDUM OPINION AND ORDER REMANDING CASE

Before the Court is a motion to remand filed by the plaintiffs, American National Bank & Trust ("AMNAT") and Fatima Breland ("Breland"). (Dkt. 16). After careful consideration of the pleadings, the entire record, and the applicable law, the Court **GRANTS** the motion to the extent that it seeks a remand to state court but **DENIES** the motion to the extent that it seeks an award of attorney's fees and costs. This case is **REMANDED** to Harris County Probate Court Number Three.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

According to their state-court pleadings, AMNAT and Breland are, respectively, Temporary Guardian of the Estate and Guardian Ad Litem for Monique Mandell ("Mandell"), a wealthy woman who suffers from a major neurocognitive disorder. (Dkt. 1-3 at pp. 4–17). The defendants are two attorneys who represented Mandell in a real estate

---

[1] The state-court cause number is 504,405–401.

transaction, along with the professional limited liability company created by one of the attorneys. (Dkt. 1-3 at pp. 4–6).

In their state-court pleadings, AMNAT and Breland accuse the defendants, Debra V. Jennings; Law Office of Debra Jennings, PLLC; and Lanease Dickens-Fuller, of exploiting Mandell's cognitive impairment to secure a lucrative fee arrangement from her. (Dkt. 1-3 at pp. 11–12). According to AMNAT and Breland, Defendants represented Mandell in connection with the sale of a 240-acre ranch in Cypress, Texas; the ranch sold for almost $40 million. (Dkt. 1-3 at p. 6). AMNAT and Breland allege that, when "the terms of the settlement and sale of the 240-acre property were already known and basically agreed upon," Defendants induced Mandell to sign an "Amended Representation Agreement" changing their fee arrangement with Mandell from "an hourly engagement contract" to a "contingency fee engagement agreement" that entitled Defendants to receive 24 percent of the proceeds from the $40 million sale. (Dkt. 1-3 at pp. 11–12). The new arrangement allowed Defendants to keep nearly $10 million of the sale proceeds. (Dkt. 1-3 at p. 11).

AMNAT and Breland allege in their state-court pleadings that, at the time she executed the Amended Representation Agreement, Mandell was suffering from "a moderate to severe cognitive impairment" and "lacked the requisite capacity to enter into a contract." (Dkt. 1-3 at pp. 11–12). AMNAT and Breland list the following causes of action against Defendants: (1) rescission of the Amended Representation Agreement on the basis of lack of capacity; (2) breach of fiduciary duty; (3) conversion; (4) unjust enrichment; (5) money had and received; and (6) a request for a declaratory judgment

"declaring that [Mandell] lacked capacity at the time she purportedly executed the Amended Representation Agreement and that the Amended Representation Agreement is void and of no force and/or effect." (Dkt. 1-3 at pp. 12–15).

Defendants have removed this case to this Court under the federal question jurisdiction statute, 28 U.S.C. § 1331. (Dkt. 1; Dkt. 24).

## LEGAL STANDARDS

A defendant may remove to federal court a state-court civil action over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a); *see Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Because it implicates important federalism concerns, removal jurisdiction is strictly construed. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997). Any doubts concerning removal must be resolved in favor of remand, *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000), and the federal court "must presume that a suit lies outside [its] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removing party bears the burden of establishing by a preponderance of the evidence that federal jurisdiction exists and that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. An action can "arise under" federal law as contemplated in Section 1331 in two ways. The first and more obvious way is where a well-pleaded complaint explicitly asserts a cause of action created by federal law. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir.

2013); *Singh v. Duane Morris LLP*, 538 F.3d 334, 337 (5th Cir. 2008).

The second way is where a well-pleaded complaint asserts a state-law cause of action that "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[.]" *Venable*, 740 F.3d at 941 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)) (brackets omitted); *see also Singh*, 538 F.3d at 338. A state-law cause of action does not raise a federal issue simply because the parties may ultimately litigate a federal issue, *Venable*, 740 F.3d at 942–43; *Singh*, 538 F.3d at 338, and a civil action does not arise under federal law by dint of a "mention of federal law" in its articulation of a state-law claim. *Howery*, 243 F.3d at 917–19. Rather, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Venable*, 740 F.3d at 943 (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)) (brackets and capitalization omitted); *see also Singh*, 538 F.3d at 338 (noting that resolution of the federal issue must be "*necessary* to resolution of the state-law claim") (emphasis added).

Ultimately, the determination of whether a state-law claim raises a federal issue that confers subject matter jurisdiction on the federal courts is a "contextual" one for which there is no "bright-line rule[.]" *Grable*, 545 U.S. at 317–18. Under the well-pleaded complaint rule, the court limits its inquiry to "what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Venable*, 740 F.3d at 942

(quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)).

## ANALYSIS

Plaintiffs' state-court pleading asserts no causes of action created by federal law and, in fact, does not mention federal law at all. (Dkt. 1-3 at pp. 4–17). To establish federal question jurisdiction, then, Defendants must show that "a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one," of at least one of Plaintiffs' state-law causes of action. *Venable*, 740 F.3d at 943 (brackets and capitalization omitted). Defendants, even with the benefit of an amended notice of removal and a sur-reply brief,[2] have failed to make that showing.

### A. Due process

Defendants first contend that removal was proper because "the 14th Amendment Due Process protections afforded to Monique Mandell (the alleged ward of the Plaintiffs) must be applied by this Court, because in this context, it is inappropriate for a state court to decide whether these purported plaintiffs have authority to sue and whether such actions are depriving Monique Mandell of her constitutionally protected liberties, requiring dismissal for lack of standing." (Dkt. 24 at p. 2).

The Court disagrees with Defendants' argument, which runs headlong into the fundamental principles of federal question jurisdiction. Plaintiffs have sued Defendants solely under Texas state-law causes of action, and Defendants cannot create federal subject matter jurisdiction by simply raising federal Constitutional questions as defenses or

---

[2] The Court **GRANTS** Defendants' motions for leave to amend their notice of removal and file a sur-reply to Plaintiffs' motion to remand. (Dkt. 23; Dkt. 24; Dkt. 36).

counterclaims. *Bernhard v. Whitney National Bank*, 523 F.3d 546, 550–51 (5th Cir. 2008) ("Even an inevitable federal defense does not provide a basis for removal jurisdiction."); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."). !As discussed above, a state-law cause of action does not raise a federal issue simply because the parties may ultimately litigate a federal issue. *Venable*, 740 F.3d at 942–43; *Singh*, 538 F.3d at 338. Accordingly, Defendants' invocation of the Fourteenth Amendment's Due Process clause fails to create federal question jurisdiction.

    B. *The artful pleading doctrine*

Defendants next contend that removal was proper because "[f]ederal question jurisdiction also arises pursuant to the artful pleading doctrine." (Dkt. 24 at p. 2). In Defendants' view, Plaintiffs have "artfully omitted claims against Chase Bank"—which Plaintiffs have not sued in this case—"under the Electronic Fund Transfer Act[.]" (Dkt. 24 at p. 2). According to Defendants, if Plaintiffs' allegations against them are true, then "Chase [Bank] violated the investigation provision of the Electronic Fund Transfer Act[.]" (Dkt. 22 at p. 16). Defendants further argue that, given Chase Bank's alleged statutory violations, Plaintiffs' omission of Chase Bank as a defendant must have been an attempt to avoid pleading necessary federal claims because "[i]t makes no sense to have left Chase [Bank] out of the suit." (Dkt. 22 at p. 16). "Because the only available remedy against Chase [Bank] was federal, and it was artfully omitted from [Plaintiffs' state-court] petition," the argument continues, "[Plaintiffs'] motion to remand should be denied." (Dkt.

22 at p. 17).

The Court disagrees with Defendants. The artful pleading doctrine is an "independent corollary" to the well-pleaded complaint rule that stands for the principle that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (quotation marks omitted). If applicable, the artful pleading doctrine allows "removal even though no federal question appears on the face of the plaintiff's complaint." *Id*. However, "[u]nder the artful-pleading doctrine, a federal court may have federal-question jurisdiction over a state-law claim in only two circumstances: when Congress expressly so provides or when a federal statute wholly displaces the state-law cause of action through complete preemption." *Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020).

Defendants have failed to show either that Congress has expressly provided for federal question jurisdiction over Plaintiffs' claims against them or that Plaintiffs' claims against them have been wholly displaced through complete preemption. The Electronic Fund Transfer Act "does not completely preempt claims relating to electronic fund transfers[,]" *Bernhard*, 523 F.3d at 553 (emphasis removed), let alone claims against attorneys for rescission of a contract on the basis of lack of capacity, breach of fiduciary duty, conversion, unjust enrichment, and money had and received. Moreover, Defendants' contention that this Court has jurisdiction because "[i]t makes no sense to have left Chase [Bank] out of the suit" is not a proper invocation of the artful pleading doctrine. Absent the two circumstances outlined in *Mitchell*, "[a] plaintiff is the master of his complaint and may allege only state law causes of action, even when federal remedies might also exist."

*Elam v. Kansas City Southern Railway Co.*, 635 F.3d 796, 803 (5th Cir. 2011). "The federal courts do not have federal question jurisdiction simply because a federal right was available but was not asserted." *Bernhard*, 523 F.3d at 554. The artful pleading doctrine simply does not apply here.

### C. Federally chartered banks

Defendants next contend that removal was proper because AMNAT is a federally chartered bank and its charter "may confer federal jurisdiction[.]" (Dkt. 36-1 at p. 11). Defendants argue that the Court "should allow a brief period of discovery to determine the language of AMNAT's charter." (Dkt. 22 at p. 18).

The Court disagrees. It is true that federal question jurisdiction exists in some cases involving federally chartered banks; for instance, federal question jurisdiction exists in "any civil action to wind up the affairs of any [federally chartered bank]" or in any case in which a federally chartered bank is a party that "arise[s] out of transactions involving international or foreign banking or other international or foreign financial operations." *See* 28 U.S.C. § 1348; *see also Highland Crusader Offshore Partners, L.P. v. LifeCare Holdings, Inc.*, 627 F. Supp. 2d 730, 732 (N.D. Tex. 2008) (discussing 12 U.S.C. § 632). In most cases, however, a federally chartered bank is merely "a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); *see also* 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."). Defendants have not demonstrated that this case falls within the scope of any statute creating federal question

jurisdiction in certain cases involving federally chartered banks.

### D. The Federal Arbitration Act

Defendants next contend that removal was proper because "[f]ederal question jurisdiction also arises due to the contract pursuant to provisions of the Federal Arbitration Act[.]" ("FAA") (Dkt. 24 at p. 3).

The Court disagrees. "It is well established that the FAA is not an independent grant of federal jurisdiction." *Smith v. Rush Retail Centers, Inc.*, 360 F.3d 504, 505 (5th Cir. 2004); *see also Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25 n.32 (1983) ("The [Federal] Arbitration Act . . . does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise.") (citation omitted). Apart from noting that the Amended Representation Agreement contains an arbitration clause referencing "the substantive federal laws[,]" Defendants provide no argument on this point beyond a naked citation to the FAA. (Dkt. 22 at p. 7).

### E. The Declaratory Judgment Act

Lastly, Defendants contend that removal was proper because "[f]ederal question jurisdiction also arises pursuant to the Declaratory Judgment Act[.]" (Dkt. 24 at p. 3).

The Court disagrees. Generally, "[w]hen a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act." *Bell v. Bank of America Home Loan Servicing LP*, No. 4:11-CV-2085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (J. Ellison). However, "[a] claim under the Declaratory Judgment Act is insufficient to confer federal question jurisdiction under 28 U.S.C. § 1331." *Frye v. Anadarko Petroleum Corp.*,

953 F.3d 285, 293 (5th Cir. 2019). "[T]he Declaratory Judgment Act alone does not create a federal cause of action. In a case of actual controversy within its jurisdiction, the Declaratory Judgment Act only authorizes a federal court to declare the rights and other legal relations of any interested party seeking such declaration." *Harris County Texas v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015). In short, "[a] declaratory judgment claim is not jurisdiction-conferring; there must be an independent basis for federal jurisdiction." *Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 278 (5th Cir. 2010).

Defendants have not established an independent basis for federal jurisdiction. As with their argument that the FAA provides this Court with subject matter jurisdiction, Defendants provide no argument on this point beyond a naked citation to the Declaratory Judgment Act. (Dkt. 24 at p. 3). !

    F. *The Court's ruling*

The Court concludes that Defendants have not met their burden to show by a preponderance of the evidence that federal jurisdiction exists and that removal was proper.

## CONCLUSION

Defendants' motions for leave to amend their notice of removal and file a sur-reply to Plaintiffs' motion to remand (Dkt. 23; Dkt. 24; Dkt. 36) are **GRANTED**. Plaintiffs' motion to remand (Dkt. 16) is **GRANTED** to the extent that it seeks a remand to state court but **DENIED** to the extent that it seeks an award of attorney's fees and costs. This case is **REMANDED** to Harris County Probate Court Number Three.[3] The Clerk is directed to provide a copy of this order to the parties. The Clerk is further directed to send a certified copy of this order via certified mail, return receipt requested, to the County Clerk of Harris County, Texas and the Clerk of Harris County Probate Court Number Three of Harris County, Texas.

Any other pending motions are **DENIED as moot**.

SIGNED at Houston, Texas on February 13, 2023.

*[signature: George C. Hanks Jr.]*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The state-court cause number is 504,405–401.